UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GOMEZ, | No. 2:16-cv-1529 AC P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 3.

I. Application to Proceed In Forma Pauperis

Petitioner has submitted an application to proceed in forma pauperis. ECF No. 6. However, court records indicate that he paid the filing fee on July 18, 2016. Accordingly, the motion will be denied as moot.

II. Petitioner's Allegations

Petitioner was convicted of second-degree murder and conspiracy to commit robbery in 1994, and sentenced to fifteen years to life with three years concurrent. ECF No. 1 at 1. He

////

1

challenges a decision by the Board of Parole Hearings (Board), denying him parole.[1]  Id. at 4-5, 7-9.  He asserts that his due process rights were violated when the Board failed to use relevant and reliable evidence in making its decision and misrepresented his level of culpability.  Id. at 4, 7-8.  Petitioner also alleges that the denial of parole constitutes cruel and unusual punishment in the form of an unreasonably long prison sentence.  Id. at 5, 9.

 III. Discussion

 Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

 The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases.  Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Id.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.  Id. at 219-20.  The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979).  Cooke, 562 U.S. at 220.  Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).

 There is no indication that petitioner was denied an opportunity to be heard and the petition makes clear that petitioner was provided a statement of the reasons parole was denied.

---

[1] Although the petition does not specify when the hearing took place, the docket for petitioner's petition in the state court of appeal indicates the hearing was held in February 2016. ECF No. 1 at 3; Docket for California Fourth Appellate District Case No. D070083 at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2137657&doc_no=D070083.

1  ECF No. 1 at 4-5, 7-9.  "[T]he beginning and the end of the federal habeas courts' inquiry" is
2  whether petitioner received "the minimum procedures adequate for due-process protection."
3  Cooke, 562 U.S. at 220.  The Ninth Circuit has acknowledged that after Cooke, substantive
4  challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042,
5  1046 (9th Cir. 2011).  Therefore, petitioner's challenge to the denial of parole is not cognizable.
6         To the extent petitioner contends that the failure to release him violated the Eighth
7  Amendment's prohibition of cruel and unusual punishment because he has already spent twenty-
8  three years in prison, he fails to state a claim.
9         There is no constitutional right to be conditionally released prior to the expiration of a
10 valid sentence, Greenholtz, 442 U.S. at 7, and the Board's denial of parole did not cause
11 petitioner to exceed his original sentence.  Moreover, outside of the capital punishment context,
12 the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to
13 the crime.  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v.
14 Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).  Such instances are
15 "exceedingly rare" and occur in only "extreme" cases.  Lockyer v. Andrade, 538 U.S. 63, 73
16 (2003); Rummel v. Estelle, 445 U.S. 263, 272 (1980).  "A punishment within legislatively
17 mandated guidelines is presumptively valid."  United States v. Mejia–Mesa, 153 F.3d 925, 930
18 (9th Cir. 1998) (citing Rummel, 445 U.S. at 272).  "'Generally, so long as the sentence imposed
19 does not exceed the statutory maximum, it will not be overturned on eighth amendment
20 grounds.'"  Id. (quoting United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).
21 The United States Supreme Court has held that a life sentence is constitutional, even for a non-
22 violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the
23 possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of
24 obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to
25 ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the
26 possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine,
27 although it was his first felony offense).  Accordingly, a life sentence for second-degree murder,
28 such as was committed by petitioner, would not constitute cruel and unusual punishment under

the Eighth Amendment and petitioner's claim of cruel and unusual punishment must be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is denied as moot.

2. Petitioner's application for a writ of habeas corpus is dismissed.

3. No certificate of appealability shall issue.

DATED: December 5, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE